## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## AMARILLO DIVISION

|  |  |  |
|---|---|---|
| GENARO DIAZ, Individually and On Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | § § | No._____ |
| v. | § § | |
| PANHANDLE MAINTENANCE, LLC. | § § § | JURY TRIAL DEMANDED |
| Defendant. | § § § § § | |

### PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Genaro Diaz (referred to as "Plaintiff" or "Diaz") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid overtime wages from Defendant Panhandle Maintenance, LLC (referred to as "Defendant" or "Panhandle Maintenance").  In support thereof, he would respectfully show the Court as follows:

### I.  Nature of Suit

1.    Diaz's claims arise under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA").

2.     The FLSA was enacted to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers" 29 U.S.C. § 202(a).  To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets overtime pay, minimum wage, and recordkeeping requirements for covered employers.  29 U.S.C. §§ 206(a), 207(a), 211(c).

3.     Defendant violated the FLSA by employing Plaintiff and other similarly situated nonexempt employees "for a workweek longer than forty hours [but refusing to compensate them] for [their] employment in excess of [forty] hours … at a rate not less than one and one-half times the regular rate at which [they are or were] employed."  29 U.S.C. § 207(a)(1).

4.     Defendant violated the FLSA by failing to maintain accurate time and pay records for Plaintiff and other similarly situated nonexempt employees as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

5.     Diaz brings this collective action under 29 U.S.C. § 216(b) on behalf of himself and all other similarly situated employees to recover unpaid overtime wages.

## II.  Jurisdiction & Venue

6.     The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute.

7.     Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (2) because Defendant resides in the Amarillo Division of the Northern District of Texas

and/or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in the Amarillo Division of the Northern District of Texas.

### III. Parties

8.    Genaro Diaz is an individual who resides in Hutchinson County, Texas and who was employed by Defendant during the last three years.

9.    Panhandle Maintenance, LLC is a Texas company that may be served with process by serving its registered agent: Edward Rodriguez, at 1111 Penn St., Borger, Texas 79007. Alternatively, if the registered agent of Panhandle Maintenance, LLC cannot with reasonable diligence be found at the company's registered office, Panhandle Maintenance, LLC may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

10.    Whenever it is alleged that Defendant committed any act or omission, it is meant that Defendant's officers, directors, vice-principals, agents, servants or employees committed such act or omission and that, at the time such act or omission was committed, it was done with the full authorization, ratification or approval of the Defendant or was done in the routine and normal course and scope of employment of the Defendant's officers, directors, vice-principals, agents, servants or employees.

### IV. Facts

11.    Defendant provides insulation, scaffolding, and painting services to customers in the oil and gas industry; it does business in the territorial jurisdiction of this Court.

12.     Defendant employed Diaz as a laborer. Plaintiff's job duties were primarily manual labor in nature, sheet metal installation and fabrication, requiring little to no official training, much less managerial skill or power.

13.     Plaintiff was employed by Defendant from approximately September 2016 to January 2018.

14.     During Diaz's employment with Defendant, he was engaged in commerce or the production of goods for commerce.

15.     During Diaz's employment with Defendant, the company had employees engaged in commerce or in the production of goods for commerce or had employees handling, selling or otherwise working on goods or materials that had been moved in or produced for commerce by others.

16.     During Diaz's employment with Defendant, the company had an annual gross volume of sales made or business done of at least $500,000.

17.     Defendant paid Diaz on an hourly basis.

18.     During Diaz's employment with Defendant, he regularly worked in excess of forty hour per week.

19.     Defendant knew or reasonably should have known that Diaz worked in excess of forty hours per week.

20.     Defendant did not pay Diaz overtime "at a rate not less than one and one-half times the regular rate at which [he was] employed."  29 U.S.C. § 207(a)(1).

21.     Instead, Defendant paid Diaz at his straight time rate for each hour worked over forty in a workweek.

22.     In other words, Defendant paid Diaz for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

23.     Defendant knew or reasonably should have known that Diaz was not exempt from the overtime provisions of the FLSA.

24.     Defendant failed to maintain accurate time and pay records for Diaz as required by 29 U.S.C. § 211(c) and 29 C.F.R. pt. 516.

25.     Defendant knew or showed a reckless disregard for whether its pay practices violated the FLSA.

26.     Defendant is liable to Diaz for his unpaid overtime wages, liquidated damages and attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

27.     All laborers employed by Defendant are similarly situated to Diaz because they (1) have similar job duties; (2) regularly worked in excess of forty hours per week; (3) are not paid overtime for the hours they work in excess of forty per week as required by 29 U.S.C. § 207(a)(1) and (4) are entitled to recover their unpaid overtime wages, liquidated damages and attorneys' fees and costs from Defendant pursuant to 29 U.S.C. § 216(b).

**V.  Count One—Failure to Pay Overtime in Violation of 29 U.S.C. § 207(a)**

28.     Diaz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

29.     During Diaz's employment with Defendant, he was a non-exempt employee.

30.     As a non-exempt employee, Defendant was legally obligated to pay Diaz "at a rate not less than one and one-half times the regular rate at which [he was] employed[]" for the hours that he worked over forty in a workweek.  29 U.S.C. § 207(a)(1).

31.     Defendant did not pay Diaz overtime as required by 29 U.S.C. § 207(a)(1) for the hours he worked in excess of forty per week.

32.     Instead, Defendant paid Diaz at his straight time rate for each hour worked over forty in a workweek.

33.     In other words, Defendant paid Diaz for his overtime at a rate less than one and one-half times the regular rate at which he was in employed in violation of the FLSA.

34.     If Defendant classified Diaz as exempt from the overtime requirements of the FLSA, he was misclassified because no exemption excuses the Defendant's noncompliance with the overtime requirements of the FLSA.

35.     Defendant knew or showed a reckless disregard for whether its pay practices violated the overtime requirements of the FLSA. In other words, Defendant willfully violated the overtime requirements of the FLSA.

### VI.  Count Two—Failure to Maintain Accurate Records in Violation of 29 U.S.C. § 211(c)

36.     Diaz adopts by reference all of the facts set forth above.  *See*, Fed. R. Civ. P. 10(c).

37.     The FLSA requires employers to keep accurate records of hours worked by and wages paid to nonexempt employees.  29 U.S.C. § 211(c); 29 C.F.R. pt. 516.

38.    In addition to the pay violations of the FLSA described above, Defendant also failed to keep proper time and pay records as required by the FLSA.

### VII.  Count Three—Collective Action Allegations

39.    Diaz adopts by reference all of the facts set forth above. *See*, Fed. R. Civ. P. 10(c).

40.    On information and belief, other employees have been victimized by Defendant's violations of the FLSA identified above.

41.    These employees are similarly situated to Diaz because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek.

42.    Defendant's policy or practice of failing to pay overtime compensation is a generally applicable policy or practice and does not depend on the personal circumstances of the putative class members.

43.    Since, on information and belief, Diaz's experiences are typical of the experiences of the putative class members, collective action treatment is appropriate.

44.    All employees of Defendant, regardless of their rates of pay, job titles or precise job locations who were paid at a rate less than one and one-half times the regular rates at which they were employed for the hours that they worked over forty in a workweek are similarly situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The Class is therefore properly defined as:

> All current and former laborers who regularly worked in excess
> of forty hours per week and were not paid overtime during the
> last three years.

45.    Defendant is liable to Diaz and all other laborers for the difference between what it actually paid them and what it was legally obligated to pay them.

46.    Because Defendant knew and/or showed a reckless disregard for whether its pay practices violated the FLSA, Defendant owe Diaz and the members of the putative class their unpaid overtime wages for at least the last three years.

47.    Defendant is liable to Diaz and the members of the putative class in an amount equal to their unpaid overtime wages as liquidated damages.

48.    Defendant is liable to Diaz and the members of the putative class for their reasonable attorneys' fees and costs.

49.    Diaz has retained counsel who are well versed in FLSA collective action litigation and who are prepared to litigate this matter vigorously on behalf of him and all other putative class members.

## VIII.  Jury Demand

50.    Diaz demands a trial by jury.

## IX.  Prayer

51.    Diaz prays for the following relief:

   a.    an order allowing this action to proceed as a collective action under 29 U.S.C § 216(b);

   b.    judgment awarding Diaz and the members of the putative class all unpaid overtime compensation, liquidated damages, attorneys' fees and costs;

- 8 -

c. prejudgment interest at the applicable rate;

d. postjudgment interest at the applicable rate;

e. incentive awards for any class representative(s); and

f. all such other and further relief to which Diaz and the putative class may show themselves to be justly entitled.

Respectfully submitted,

MOORE & ASSOCIATES

By: _____
Melissa Moore
State Bar No. 24013189
Federal Id. No. 25122
Curt Hesse
State Bar No. 24065414
Federal Id. No. 968465
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF
GENARO DIAZ**

Of Counsel:

Bridget Davidson
State Bar No. 34096858
Federal Id. No. 3005005
MOORE & ASSOCIATES
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739