IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| GENARO DIAZ, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 2:18-CV-97-D-BR |
| PANHANDLE MAINTENANCE, LLC, | § § § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION TO
GRANT THE PARTIES' STIPULATION AND PROPOSED ORDER**

Before the Court is the parties' Stipulation and Proposed Order regarding conditional certification of a Fair Labor Standards Act ("FLSA") collective action. [ECF 19]. For the reasons explained below, the Court recommends that the Stipulation and Proposed Order be GRANTED.

**I. BACKGROUND**

Plaintiff Genaro Diaz, individually and on behalf of all others similarly situated, brings this putative collective action against Defendant Panhandle Maintenance, LLC. Plaintiff seeks unpaid overtime pay under 29 U.S.C. § 216(b), a provision of the FLSA. According to the Complaint, "Defendant provides insulation, scaffolding, and painting services to customers in the oil and gas industry." [ECF 1 at ¶ 11]. Plaintiff allegedly worked for Defendant as a "non-exempt [hourly] employee" from approximately September 2016 to January 2018. *Id.* at ¶ 29; *see id.* at ¶¶ 13, 17. Plaintiff's job duties as a "laborer" were "primarily manual labor in nature, sheet metal installation and fabrication, requiring little to no official training, much less managerial skill or power." *Id.* at ¶ 12. Although Plaintiff "regularly worked in excess of forty

hour[s] per week," *id.* at ¶ 18, Defendant allegedly "paid [Plaintiff] for his overtime at a rate less than one and one-half times the regular rate at which he was . . . employed," *id.* at ¶ 22. Plaintiff alleges that other laborers employed by Defendant "are similarly situated to [Plaintiff] because, during the relevant time period, they held similar positions, were compensated in a similar manner and were denied overtime wages at one and one-half times their regular rates for hours worked over forty in a workweek." *Id.* at ¶ 41.

On January 14, 2019, the parties jointly filed a Stipulation and Proposed Order, [ECF 19], to which they attached a proposed court-facilitated notice form, [ECF 19-1 at 1], and a proposed court-facilitated consent form, [ECF 19-1 at 2]. By that Stipulation and Proposed Order, the parties have stipulated to conditionally certify this collective action and approve court-facilitated notice to a class defined as follows: "all laborers employed by [Defendant] during the last three years." [ECF 19 at ¶ 1]. The parties' proposed court-facilitated notice form limits the class to those laborers that "worked more than 40 hours in any workweek." [19-1 at 1]. Among other things, the parties' Stipulation and Proposed Order provides:

> This stipulation does not affect [Defendant's] right to seek decertification of the class or summary judgment on any issue of law or fact, and shall not be construed as an admission by [Defendant] that [Plaintiff] and the potential members of the class are "similarly situated" under 29 U.S.C. § 216(b), that this case is appropriate for collective action treatment or that a three-year statute of limitations applies.

[ECF 19 at ¶ 11].

## II. LEGAL STANDARD

"Section 216(b) of the FLSA authorizes a plaintiff to bring a collective action on behalf of similarly-situated persons, provided that any person who desires to become a part of the collective action files a written consent in court." *Mallory v. Lease Supervisors, LLC*, No.

3:17-CV-3063-D, 2018 WL 3368913, at *1 (N.D. Tex. July 10, 2018). "When a plaintiff seeks to bring a collective action, a district court can in its discretion facilitate notice to potential plaintiffs of their right to opt in to the suit." *Arceo v. Orta*, 296 F. Supp. 3d 818, 822 (N.D. Tex. 2017). "Although the Fifth Circuit has declined to adopt a specific test to determine when courts should exercise their discretion to facilitate notice or certify a collective action, this court has adopted the prevailing two-stage test." *Behnken v. Luminant Min. Co., LLC*, 997 F. Supp. 2d 511, 515 (N.D. Tex. 2014); *see Aguilar v. Complete Landsculpture, Inc.*, No. CIV.A.3:04 CV 0776 D, 2004 WL 2293842, at *1 (N.D. Tex. Oct. 7, 2004) (adopting prevailing standard).

> Under this test, the court first determines whether plaintiffs have provided sufficient evidence of similarly-situated potential plaintiffs to warrant court-facilitated notice. *Aguilar*, 2004 WL 2293842, at *1. If they have, the court "conditionally certifies" the class and facilitates notice to the potential plaintiffs. *Id.* Second, the court reexamines the class after notice, time for opting in, and discovery have taken place, typically in response to defendant's motion. *Id.* If the court finds that the class is no longer made up of similarly-situated persons, it decertifies the class. *Id.* "To establish that employees are similarly situated, a plaintiff must show that they are similarly situated with respect to their job requirements and with regard to their pay provisions. The positions need not be identical, but similar." *Id.* (internal citation and quotation marks omitted).

*Mallory*, 2018 WL 3368913, at *2. With respect to determining whether court-facilitated notice is warranted, " '[T]he relevant inquiry in each particular case is whether it would be appropriate to exercise [the court's] discretion' to facilitate notice." *Id.* (alterations in original) (quoting *Harris v. Fee Transp. Servs., Inc.*, No. CIV.A.3:05CV0077-P, 2006 WL 1994586, at *2 (N.D. Tex. May 15, 2006).

### III. ANALYSIS

The Court, having carefully reviewed Plaintiff's Complaint, concludes that Plaintiff has provided sufficient evidence of similarly-situated potential plaintiffs to warrant: (1) conditionally

certifying a class of all laborers employed by Defendant during the last three years that worked more than forty hours in any workweek and (2) facilitating notice to all laborers employed by Defendant during the last three years.  The undersigned further concludes that it would be appropriate for the District Judge to exercise his discretion to facilitate notice in light of the parties': (1) Stipulation and Proposed Order and (2) proposed court-facilitated notice and consent forms.

## IV.  RECOMMENDATION

For the above reasons, it is the RECOMMENDATION of the United States Magistrate Judge to the United States Senior District Judge that the parties' Stipulation and Proposed Order [ECF 19] be GRANTED.  It is further RECOMMENDED that the parties' proposed court-facilitated notice and consent forms [ECF 19-1] be approved.

The Court notes that the parties may file a joint notice waiving their right to object to these Findings, Conclusions, and Recommendation.

## V.  INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a copy of these Findings, Conclusions, and Recommendation to each party by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED January 24, 2019.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE

# * <u>NOTICE OF RIGHT TO OBJECT</u> *

Any party may object to these proposed findings, conclusions, and recommendation. In the event parties wish to object, they are hereby NOTIFIED that the deadline for filing objections is fourteen (14) days from the date of filing as indicated by the "entered" date directly above the signature line. Service is complete upon mailing, Fed. R. Civ. P. 5(b)(2)(C), or transmission by electronic means, Fed. R. Civ. P. 5(b)(2)(E). *Any objections must be filed on or before the fourteenth (14th) day after this recommendation is filed* as indicated by the "entered" date. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b)(2); *see also* Fed. R. Civ. P. 6(d).

Any such objections shall be made in a written pleading entitled "Objections to the Findings, Conclusions, and Recommendation." Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties. A party's failure to timely file written objections shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge and accepted by the district court. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1), *as recognized in ACS Recovery Servs., Inc. v. Griffin*, 676 F.3d 512, 521 n.5 (5th Cir. 2012); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).