# UNITED STATES DISTRICT COURT
for the
Northern District of Texas

| | | |
|---|---|---|
| GENARO DIAZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| *Plaintiff,* | § § | |
| v. | § § § | No. 2:18-cv-00097-D-BR<br>Jury |
| PANHANDLE MAINTENANCE, LLC, | § § § § | |
| *Defendant.* | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT & STIPULATION OF DISMISSAL WITH PREJUDICE

Plaintiff Genaro Diaz, individually and on behalf of Opt-In Plaintiffs Waylan Jones, Esteban Lopez, Jesus Garcia and Juan Ignacio[1] and Defendant Panhandle Maintenance, LLC[2] (collectively referred to as the "Parties") seek court approval of the settlement recently reached in this matter. The Parties represent that the settlement is fair and equitable. Should the court approve the settlement, then pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure, the Parties stipulate to the dismissal of this case with prejudice, with each of the Parties to bear their own respective attorneys' fees and court costs.

---

[1] Plaintiff Genaro Diaz (referred to as "Plaintiff" or "Diaz") and Opt-In Plaintiffs Waylan Jones, Esteban Lopez, Jesus Garcia and Juan Ignacio (collectively referred to as "Opt-In Plaintiffs") are sometimes collectively referred to as "Plaintiffs."

[2] Defendant Panhandle Maintenance, LLC is sometimes referred to as "Defendant" or "Panhandle Maintenance."

## I. Introduction

This action was filed under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201-219 ("FLSA") alleging that Defendant failed to pay Plaintiffs overtime wages as required by law. (*See*, Pl.'s Compl. (Doc. 1).) This case is a collective action. (*See*, Order (Doc. 22).) Under the opt-in procedures approved by the Court, all potential parties received notice, and some opted in. By joining the lawsuit, each opt-in "designate[d] [Diaz] as [his] representative to make decisions on [his] behalf concerning the method and manner of conducting the lawsuit, *the approval of any settlement*, and all other matters pertaining to this lawsuit." (*See, e.g.*, Jones Consent (Doc. 29) p. 3 (emphasis added).) *See also*, 29 U.S.C. § 216(b) (employee may file suit "for and in behalf of himself … and other employees similarly situated"). The opt-in period has closed, and the parties have each pursued discovery regarding the claims and defenses. The Parties have negotiated and resolved Plaintiffs' individual claims. Now, because the Parties have reached an agreement that disposes of all Plaintiffs' claims for unpaid overtime wages, liquidated damages, and attorneys' fees and costs, the Parties request that the Court approve the agreement and dismiss Plaintiffs' claims and this case with prejudice.

## II. Argument & Authorities

Because Plaintiffs' claims arise under the FLSA, the Court must scrutinize the settlement for fairness before approving it. *Schulte v. Gangi*, 328 U.S. 108, 113 n.8 (1946); *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008). This

is because "[t]he provisions of the [FLSA] are mandatory, and not subject to negotiation and bargaining between employers and employees." *Collins*, 568 F. Supp. 2d at 718. "When a court scrutinizes an FLSA settlement agreement, it must determine that the compromise is a fair and reasonable resolution of a bona fide dispute over the FLSA's provision." *Domingue v. Sun Elec. & Instrumentation, Inc.*, No. 09-cv-682, 2010 U.S. Dist. LEXIS 40768, at *1-*2 (E.D. La. Apr. 26, 2010).

The Fifth Circuit has held that parties may enter into private enforceable agreements settling FLSA claims when a bona fide dispute as to liability exists. *Martin v. Spring Break 83 Prods., L.L.C.*, 688 F.3d 247 (5th Cir. 2012). In reaching its decision, the court approved of the rationale expounded by *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 634 (W.D. Tex. 2005), in which the court concluded that "parties may reach private compromises as to FLSA claims where there is a bona fide dispute as to the amount of hours worked or compensation due." *Id.* at 255 (quoting *Martinez*, 361 F. Supp. 2d at 631); *see also*, *Martinez*, 361 F. Supp. 2d at 634 ("a private compromise of claims under the FLSA is permissible where there exists a bona fide dispute as to liability."). A release in compliance with such a compromise is enforceable. *See*, *Martin*, 688 F.3d at 255; *Martinez*, 361 F.Supp.2d at 631. The *Martin* court also held that the private settlement agreement between the parties was enforceable because the plaintiffs in that case were "benefitting from legal counsel before the Settlement Agreement was signed," and "knew about their rights under the FLSA." *See*, *Martin*, 688 F.3d at 256 n.10.

In this case, the Parties mutually agree that there exists a bona fide dispute as to Defendant's liability, if any, the amount of hours worked by Plaintiffs during their employment with Defendant, and the compensation due, if any, based on certain enumerated exemptions and/or exclusions to the FLSA asserted by Defendant to be applicable to the Plaintiffs. As a result of the litigation efforts expended in this case by the Parties, and in order to avoid a potentially costly and lengthy trial setting, Plaintiffs and Defendants have reached a private settlement of all claims, defenses and disputes between them in this cause. During negotiation, and at the time of execution, Plaintiffs had the benefit of the undersigned legal counsel, and were aware of their rights under the FLSA.[3] By entering into this settlement, Defendants are not admitting any liability or violation of the FLSA, both of which are specifically denied.

Through negotiation, the Parties reached a settlement of their dispute. The terms of the settlement have been approved by Diaz on behalf of all Plaintiffs, Plaintiffs' counsel, Defendant and Defendant's counsel.[4] In arriving at the proposed settlement, the Parties considered: (i) liability disputes; (ii) whether Plaintiffs are entitled to liquidated damages; (iii) whether Defendants acted willfully and the appropriate statute of limitations; (iv) the correct method for calculating damages, if

---

[3] Although it is unnecessary, Diaz and the Opt-In Plaintiffs—except for Waylan Jones—have all individually executed the settlement agreement. See *supra* page 3 (explaining that court-approved consent form and the FLSA authorized Diaz to act as representative and to settle lawsuit on behalf of the collective). Jones has been difficult to reach; the Parties have agreed that his settlement funds will be held in escrow until he signs the settlement agreement.

[4] *Id.*; see also, *supra* page 3 (regarding Diaz's authority to act as representative of the collective).

any, (v) the disputed amount of overtime hours allegedly worked, (vi) the disputed amount of overtime wages allegedly owed, (vii) the applicability of certain exemptions and/or, (viii) the likelihood of Plaintiffs' success on their claims, and (ix) other factual and legal issues. The settlement was negotiated at arms' length. The settlement amount includes both estimated unpaid overtime wages for Plaintiffs, an equal amount for liquidated damages, and Plaintiffs' attorneys' fees. The terms of the settlement, including the amount of alleged unpaid wages, liquidated damages and attorneys' fees, are fair, reasonable, and in the best interest of the Parties. *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977) (strong presumption in favor of finding a settlement fair).

The terms of the settlement agreement reached by the Parties are confidential. However, if the Court would like to review the terms of the settlement agreement, then the Parties respectfully request that they be permitted to submit a copy of the settlement agreement for *in camera* inspection to the protect the confidentiality of the terms.

Wherefore, Plaintiffs and Defendants respectfully request that the Court approve the settlement and enter an agreed order of dismissal of this lawsuit and the claims of all Plaintiffs with prejudice, with each party to bear their own court costs and attorneys' fees in conformance with the foregoing stipulation.

Respectfully Submitted,

MOORE & ASSOCIATES

By: *[signature: Curt C. Hesse]*

Melissa Moore
State Bar No. 24013189
Curt Hesse
State Bar No. 24065414
Lyric Centre
440 Louisiana Street, Suite 675
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF GENARO DIAZ**

Respectfully Submitted,

BURDET MORGAN WILLIAMSON & BOYKIN, LLP

By: *[signature]*

C. Jared Knight
State Bar No. 00794107
Rhonda Luginbyhl
State Bar No. 24074626
701 S. Taylor, Suite 324
Amarillo, Texas 79101
Telephone: (806) 358-8116
Facsimile: (806) 350-7642

**ATTORNEYS FOR DEFENDANT PANHANDLE MAINTENANCE, LLC**

## CERTIFICATE OF SERVICE

As required by Fed. R. Civ. P. 5(a)(1), I certify that I served this document on all parties or their attorney(s) of record—who are listed below—on December 9, 2019, in accordance with Fed. R. Civ. P. 5(b) as follows:

> Mr. C. Jared Knight
> jknight@bmwb-law.com
> Ms. Rhonda Luginbyhl
> rluginbyhl@bmwb-law.com
> BURDET MORGAN WILLIAMSON & BOYKIN, LLP
> 701 S. Taylor, Suite 324
> Amarillo, TX 79101
> Facsimile: (806) 350-7642
> Attorney(s) for Defendant Panhandle Maintenance, LLC
> ☐ mail
> ☐ personal delivery
> ☐ leaving it at ☐ office ☐ dwelling
> ☐ leaving it with court clerk
> ☐ electronic means
> ☐ other means
> ☒ CM/ECF system

*/s/ Curt C. Hesse*
_____
Curt Hesse