IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



| | | |
|---|---|---|
| GENARO DIAZ, Individually and On Behalf of All Others Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § | 2:18-CV-097-Z |
| PANHANDLE MAINTENANCE, LLC, | § § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is the parties' Joint Motion for Approval of Settlement & Stipulation of Dismissal with Prejudice (the "Motion") (ECF No. 36), filed by Lead Plaintiff Genaro Diaz ("Diaz"), in his individual capacity and on behalf of Waylan Jones, Esteban Lopez, Jesus Garcia, and Juan Ignacio (collectively, "Plaintiffs") and Defendant Panhandle Maintenance, LLC, on December 9, 2019. The parties request that the Court approve their confidential Settlement Agreement (ECF No. 39) which will dispose of Plaintiffs' action for unpaid overtime under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201–19. After considering the Motion and reviewing the Settlement Agreement, which has been filed under seal and will not be made part of the public record, the Court **GRANTS** the parties' Motion.

**I. Factual and Procedural Background**

This is a collective action case. Arising out of a wage and hour dispute, Plaintiffs seek to recover allegedly unpaid overtime wages, liquidated damages, attorney's fees, and costs under the FLSA. Original Compl. ¶¶ 1–5, 51, ECF No. 1.

On May 5, 2018, Diaz filed this action individually and on behalf of all others similarly situated. *See generally* Original Compl. Diaz alleged he worked for Defendant as an hourly, non-

exempt employee. *Id.* at ¶¶ 17, 29. Diaz claimed he was a "laborer" whose job duties were primarily manual labor in nature, involving sheet metal installation and fabrication, which required little to no official training, much less managerial skill or power. *Id.* at ¶ 12. Diaz further alleged there were other employees similarly situated because (during the relevant time period) they held similar positions, were compensated in a similar manner, and were paid at a rate less than the mandated overtime rate — one and one-half times the regular rate for the hours they worked in excess of forty hours per week. *Id.* at ¶¶ 18, 27, 41. Defendant denied that Diaz was hired as a non-exempt employee, denied that any overtime was owed, and asserted affirmative defenses that allegedly bar Diaz from any and all recovery. Original Ans. ¶¶12, 34, 52–56. ECF No. 10.

On January 31, 2019, this Court granted conditional certification and ordered issuance of notice to all laborers employed by Defendant during the previous three years. ECF No. 22. By June 26, 2019, four other employees — Waylan Jones, Esteban Lopez, Jesus Garcia, and Juan Ignacio — joined this action as Opt-In Plaintiffs. ECF Nos. 27–30.

Over a year after this case was initiated, the Parties were ordered by United States Magistrate Judge Lee Ann Reno to submit a mediation summary report with the Court. ECF No. 34. Shortly after, on December 9, 2019, the parties entered into a private Settlement Agreement and moved for the Court's approval of the proposed terms of the Settlement Agreement and dismissal of this case with prejudice. *See generally* Joint Mot. Approval Settlement. ECF No. 36. The parties filed their Settlement Agreement under seal on January 7, 2020. ECF No. 39. The Court now considers the merits of the Motion.

## II. Legal Standard

Beginning with the statute, the FLSA "requires covered employers who employ their employees for hours in excess of forty hours per week to compensate those employees for the

additional hours at a rate of at least one and one-half times the regular rate." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 162 (5th Cir. 2015) (citing 29 U.S.C. § 207(a)(1)). "[A]n employer who violates the FLSA by failing to pay overtime compensation shall be liable to its employees in the amount of their overtime compensation plus an equal amount of liquidated damages." *Id.* (citing 29 U.S.C. § 216 (b)).

Under section 216(b), "when employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness." *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dept. of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1353 (11th Cir. 1982) (citing *Schulte, Inc. v. Gangi*, 328 U.S. 108; *Jarrard v. Southeastern Shipbuilding Corporation*, 163 F.2d 960, 961 (5th Cir. 1947)). If the settlement reflects "a reasonable compromise over issues," the district court may approve the settlement "in order to promote the policy of encouraging settlement of litigation." *Id.* at 1354.

"The decision to approve a class action settlement is left to the district court's sound discretion." *Quintanilla v. A & R Demolition Inc.*, No. H-04-1965, 2008 WL 9410399, at *2 (S.D. Tex. May 7, 2008) (citing *Newby v. Enron Corp.*, 394 F.3d 296, 300 (5th Cir. 2004)).

> The primary focus of the Court's inquiry in deciding whether to approve the settlement of a FLSA collective action is not on due process concerns as it would be for a Rule 23 class action. Rather, the Court primarily focuses on ensuring that an employer does not take advantage of its employees in settling their claim for wages.

*Dyson v. Stuart Petroleum Testers, Inc.*, No. 1:15CV282-RP, 2016 WL 815355, at *2 (W.D. Tex. Feb. 29, 2016) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2008) (internal marks omitted). Nonetheless, there is also a presumption in favor of finding a settlement fair and the overriding public interest in favor of settlement. *Lee v. Metrocare Services*,

3:13-CV-2349-O, 2015 WL 13729679, at *3 (N.D. Tex. July 1, 2015) (O'Connor, J.) (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977)).

### III. Analysis

The Court must consider two primary factors in approving a proposed settlement agreement that compromises claims under the FLSA and enter a stipulated judgment: (1) that the settlement resolves a bona fide dispute over FLSA provisions, and (2) that the resolution is fair and reasonable. *Lee*, 2015 WL 13729679, at *1 (citing *Jones v. JGC Dallas LLC*, No. 3:11-cv-2743-O, 2014 WL 7332551, at *2 (N.D. Tex. Nov. 12, 2014) (Ramirez, M.J.), *adopted in part*, No. 3:11-cv-2743-O, 2014 WL 7336889 (N.D. Tex. Dec. 24, 2014) (O'Connor, J.); *Collins*, 568 F. Supp. 2d at 719). As further discussed below, the Court concludes that a bona fide dispute exists and that the Settlement Agreement is both fair and reasonable.

### A. Bona Fide Dispute

First, the Court must determine whether a bona fide dispute exists between the parties. *Martin v. Spring Break '83 Prods., LLC*, 688 F.3d 247, 255–56 (5th Cir. 2012). Although adversarial litigation itself is often "more indicative that the settlement is a resolution of a legitimate dispute than instances of private settlement agreements," the mere presence of a lawsuit is "insufficient to satisfy the bona fide dispute requirement." *Lee*, 2015 WL 13729679, at *5 (citing *Lynn's Food Stores*, 679 F.2d at 1354; *Collins*, 568 F. Supp. 2d at 719–20). "In essence, the Court must ensure that the parties are not, via settlement of the plaintiffs' claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime." *Collins*, 568 F. Supp. 2d at 719 (citing 29 U.S.C. §§ 206–07).

To satisfy the bona fide dispute requirement, there must be at least some doubt as to who will succeed on the merits. *Id.* at 719–20; *see, e.g., Martin* 688 F.3d at 255–56 (finding a bona fide

dispute where the parties disagreed about the number of hours for which they are owed their set rate of pay); *Martinez v. Bohls Bearing Equip. Co.*, 361 F. Supp. 2d 608, 631 (W.D. Tex. 2005) ("Plaintiff's claim for overtime benefits under the FLSA is dependent upon whether there was a bona fide dispute as to the amount of hours worked or compensation due at the time the parties entered into the compromise and release at issue."); *Lee,* 2015 WL 13729679, at *5 (finding a bona fide dispute where the parties had "numerous disagreements as to the application of the FLSA including the amount of the overtime worked, the evidence necessary to substantiate the overtime worked, and the appropriate methodology for calculating compensation."). Additionally, when a bona fide dispute as to liability does exist, parties may enter into private settlement agreements to resolve FLSA claims. *Martin,* 688 F.3d at 255 (citing *Martinez,* 361 F. Supp. 2d at 633).

Here, multiple bona fide disputes exist. Looking to the nature of the suit, the parties have been litigating since May 2018 — almost two years ago. In early 2019, this Court granted conditional class certification to Diaz, ordered notice be sent to all similarly situated employees, and moved the parties into Phase II of the Scheduling Order. After the addition of four opt-in plaintiffs, the Court ordered a report on mediation results. As a result, the parties notified the Court of their intention to settle in December 2019 — just two months before the ready for trial date.

Among other factual and legal issues, the parties considered: (i) liability disputes, (ii) whether Plaintiffs are entitled to liquidated damages, (iii) whether Defendant acted willfully and the appropriate statute of limitations, (iv) the correct method for calculating alleged damages, (v) the number of overtime hours allegedly worked, (vi) the amount of overtime wages allegedly owed, (vii) the applicability of certain exemption under the FLSA, and (viii) the likelihood of Plaintiffs' success on their claims. Joint Mot. Approval Settlement at 4–5.

After reviewing the filings, documentation, hearings, discovery, and motions in this case, the Court is of the opinion that bona fide disputes exist as to: (1) Defendant's liability, (2) the number of hours worked by Plaintiffs during their employment with Defendant, and (3) the compensation due based on certain exemptions and exclusions to the FLSA. *Id.* at 4. Therefore, because there are doubts as to which party would prevail on the merits under each of the three matters just listed, the Court finds the bona fide dispute requirement is satisfied.

B.   **Fair and Reasonable**

Second, the Court must scrutinize the terms of a proposed settlement agreement in an FLSA dispute to ensure the resolution is fair and reasonable. *Lynn's Food Stores*, 679 F.2d at 1353, 1355 (citing *Schulte*, 328 U.S. 108; *Jarrard*, 163 F.2d at 961). Courts often evaluate terms of the award, attorneys' fees, costs, and service awards granted to class representatives. *See, e.g., Lee*, 2015 WL 13729679, at *8 (evaluating and finding the total award, attorneys' fees, costs, and services awards of $10,000 each to the eight class representatives from a common fund of $570,000 was fair and reasonable). "Although Rule 23 does not control FLSA collective actions, many courts have adopted many of Rule 23's procedures in such actions by analogy, in an exercise of their discretion to manage the litigation of collective actions under § 216(b)." *Collins*, 568 F. Supp. 2d at 721 (collecting cases). In scrutinizing the terms of the settlement, courts often consider the following six factors derived from Rule 23 Class Action litigation:

> (1) whether the settlement was a product of fraud or collusion; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the factual and legal obstacles prevailing on the merits; (5) the possible range of recovery and the certainty of damages; and (6) the respective opinions of the participants, including class counsel, class representative, and the absent class members.

*Parker v. Anderson*, 667 F.2d 1204, 1209 (5th Cir. 1982). However, courts have discretion to "fashion appropriate procedures for review of FLSA collective actions," and vary from the *Parker*

factors "in light of the special role of the court in settlement of FLSA claims." *Lee*, 2015 WL 13729679 at *3 (quoting *Collins*, 568 F. Supp. 2d at 721–22).

Applying the factors to the Settlement Agreement, the Court finds that its terms are fair and reasonable. The parties seek Court approval of their private Settlement Agreement which disposes all of Plaintiffs' claims against Defendant. Here, Plaintiffs' claims are for unpaid overtime wages, liquidated damages, attorneys' fees, and costs.[1] While other cases may further expand on the *Parker* factors, here, the Court has reviewed and analyzed the confidential terms of the Settlement Agreement *in camera* rather than divulge the terms to the public.

As to terms — specifically the award, attorneys' fees, and costs — the Court finds no evidence of fraud or collusion between the parties to undermine or circumvent the FLSA. The parties negotiated at arms-length and the award contains both estimated unpaid overtime wages for Plaintiffs and an equal amount of liquidated damages. The parties also signed the Settlement Agreement with the benefit of being represented by counsel. Further, while unnecessary in this FLSA action because Diaz is authorized to act as representative, Opt-In Plaintiffs Esteban Lopez, Jesus Garcia, and Juan Ignacio each individually executed the Settlement Agreement.[2] Thus, each of the available Opt-In Plaintiffs was able to review and agree to the terms.

As previously discussed, this case is now approaching its two-year anniversary and the Court the parties were just two months from what could have been an expensive trial — especially when compared to the amount at issue. Considering the relatively small number of plaintiffs and

---

[1] Notably, the parties do not seek a service award for Diaz as class representative. While service awards to class representatives are permissible, service awards are not always merited. *Lee*, 2015 WL 13729679 at *8 (citing *In re Heartland Payment Sys.*, 851 F. Supp. 2d 1040, 1089 (S.D. Tex. 2012); *Slipchenko v. Brunel Energy, Inc.*, No. H-11-1465, 2015 WL 338358, at *13 (S.D. Tex. Jan. 23, 2015)). Here, the fact that Diaz was not awarded a service award weighs in favor of the Settlement Agreement being fair and reasonable because of the relatively small number of class members and particulars of the award in this case.

[2] The parties attest that the remaining Opt-In Plaintiff—Waylan Jones—has yet to sign the Settlement Agreement because it has been difficult for the parties to contact him. *See* Joint Mot. Approval Settlement at 4, ECF No. 36.

the stage of litigation at which time the Settlement Agreement was signed, the Court finds the proposed terms, award, attorney's fees, and costs agreed to by the parties are fair and reasonable. Therefore, after taking all of these factors into consideration, the Court is of the opinion that the Settlement Agreement represents a fair and reasonable resolution to this case.

## IV. CONCLUSION

Based on the foregoing, the Court is of the opinion that bona fide disputes exist and that the proposed Settlement Agreement is a fair and reasonable resolution of Plaintiff's FLSA claims. Therefore, the Court approves the Settlement Agreement.

Accordingly, it is **ORDERED** that the parties' Joint Motion for Approval of Settlement & Stipulation of Dismissal with Prejudice (ECF No. 36) is **GRANTED**.

It is **FURTHER ORDERED** that this action is **DISMISSED with prejudice** as to the claims asserted by all Plaintiffs against the Defendant and that each party is to bear their own costs and attorneys' fees in conformance with the Settlement Agreement and the foregoing Stipulation of Dismissal with Prejudice.

It is **FURTHER ORDERED** that the Clerk of the Court shall **CLOSE** this case. This Court retains jurisdiction to administer and/or enforce the Settlement Agreement. This Order is final as to all claims and all parties in this action.

**SO ORDERED.**

February 6, 2020

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE